Long Island Home, Limited, Respondent, v Robert P. Whalen, as Commissioner of Health, et al., Appellants.

Third Department, April 6, 1978

### APPEARANCES OF COUNSEL

*Louis J. Lefkowitz, Attorney-General (Alan W. Rubenstein* and *Ruth Kessler Toch* of counsel), for appellants.

*Rosenman, Colin, Freund, Lewis & Cohen (Martin D. Juvelier* of counsel), for respondent.

### OPINION OF THE COURT

HERLIHY, J.

The plaintiff was incorporated in 1887 and has operated the South Oaks psychiatric hospital in Amityville, Suffolk County, since its incorporation. This hospital is subject to the supervision of the State Department of Mental Hygiene. In 1952, plaintiff established a 40-bed nursing home, and in 1974 that home was expanded to 80 beds and a 120-bed health-related facility was added. The nursing home and health-related facility, together known as Broadlawn Manor, are operated by the plaintiff pursuant to an operating certificate issued by the Department of Health. As an existing corporation operating a nursing home facility prior to the enactment of section 2801-a of the Public Health Law effective June 1, 1970 (L 1970, ch 617), the plaintiff was *not* required to have the approval of the Public Health Council for its incorporation or for establishment of the Broadlawn Manor facilities.

Nevertheless, paragraph (b) of subdivision 4 of section 2801-a provides in substance that if there is a transfer of 10% or more of the stock of a corporation operating a "hospital" (which term includes nursing homes [Public Health Law, § 2801, subd 1]), or if any transfer results in control of 10% or more of the corporation stock by any person, the transfer "shall be subject to approval by the public health council in accordance with the provisions of subdivisions two and three of this section [section 2801-a] and rules and regulations pursuant thereto." Paragraph (b) of subdivision 4 of section 2801-a goes on to provide: "In the absence of such approval,

the *operating certificate* of such hospital shall be subject to revocation or suspension." (Emphasis supplied.)

Prior to the enactment of section 2801-a, one Frances R. Walker owned more than 20% of the corporation's issued stock. She died in December of 1972 and in 1975 the stock was sold to James C. B. Millard, Jr., as an agent for two individuals. Thereafter, the Department of Health learned of the transaction and advised plaintiff that the transfer and acquisition were "subject to approval by the Public Health Council" pursuant to the provisions referred to hereinabove. Plaintiff commenced this proceeding for declaratory and injunctive relief, and after issue was joined both parties moved for summary judgment.

The issue dispositive of the merits of this case at Special Term was whether or not the section 2801-a requirement of Public Health Council approval for specified stock transactions was a retroactive impairment of vested rights either in violation of the due process rights of the plaintiff or its shareholders or in violation of the provisions of section 12 of chapter 617 of the Laws of 1970, which protected rights existing prior to enactment of section 2801-a.

Upon this appeal it is apparent that the plaintiff's right to favorable relief depends upon the correctness of the decision by Special Term that section 2801-a (subd 4, par [b]) is retroactive *if* construed to affect current stock transactions.

The decision of Special Term rests upon its conclusion that in fact the paragraph (b) of subdivision 4 of section 2801-a requirements would affect rights vested in the past. However, these requirements relate only to stock transfers in the future, and to assume that either the corporation or the stockholders had a vested right to freely transfer the stock at any time in the future would render the police power of the State ineffective. The requirements challenged in this case are similar in effect to those challenged in *City of New York v Foster* (148 App Div 258, affd 205 NY 593) and are similarly not retroactive by virtue of only requiring approvals "solely in relation to the future" *(id.,* p 262). The case of *People v Dilliard* (252 App Div 125), relied upon by Special Term, is inapposite because it dealt with criminal penalties and the court found a legislative intent that it apply only prospectively.

Furthermore, the contention of the plaintiff that other provisions of section 2801-a indicate that there was no intent

to require approval pursuant to paragraph (b) of subdivision 4 of section 2801-a of transfers of stock in corporations like the plaintiff has no sound basis and must be rejected. The said paragraph (b) requires that approval be "in accordance with the provisions of subdivisions two and three of this section and rules and regulations pursuant thereto." Such language does not mean that those portions of subdivisions 2 and 3 relating only to the incorporation or establishment of hospitals would be applicable, and, indeed, if such were the case, then enforcement through "operating certificates" would be unnecessary since the "approval of the establishment" is in the control of the Public Health Council pursuant to the said subdivisions 2 and 3 and the Public Health Council can revoke, limit or annul approvals of establishment pursuant to subdivision 10 of section 2801-a (see, also, 10 NYCRR 600.5). The effect, if any, of the regulations alleged by plaintiff to show that paragraph (b) of subdivision 4 of section 2801-a does not apply to it and to like corporations (10 NYCRR 620.3) should be determined by the administrative agency. It is worth noting, however, that these regulations do not and cannot determine the validity of paragraph (b) of subdivision 4 of section 2801-a.

■ The plaintiff has failed to establish any constitutional defect in applying paragraph (b) of subdivision 4 of section 2801-a to pre-existing corporations and stockholders either in general or as applicable to the transaction and/or transfer herein. Pursuant to *Montgomery v Daniels* (38 NY2d 41, 54) the questions raised by this attack are whether or not the approval of ownership and control as to transfers of stock of pre-existing corporations is a permissible State objective and, if so, were the means adopted reasonably related to such objective.

■ It is established that the regulation of who may own hospitals and nursing homes to protect the public is a permissible State objective. (See, e.g., *Matter of Engelsher v Jacobs,* 5 NY2d 370, cert den 360 US 902; *People v Smithtown Gen. Hosp.,* 92 Misc 2d 144, 147; *State of New York v Hudson Home for Aged,* 86 Misc 2d 1063, 1066.) While it is obvious that the plaintiff cannot control stock transfers except through the amendment of its certificate of incorporation, by-laws and stock certificates, the possibility of a revocation or suspension of the plaintiff's operating certificate is appropriate. The object of examining transfers of substantial amounts of control and/or ownership of stock in corporations like the

plaintiff is to assure that the "operation" will not become one harmful to the public. The protection of the public by enforcement through the operating certificate is directly related to the matter sought to be controlled. Note also that any initial revocation or suspension would be subject to review pursuant to article 78 of the CPLR. It should also be observed that pursuant to section 2801-c of the Public Health Law, the "supreme court may enjoin violations * * * of any provisions of this article".

■ The judgment should be reversed, on the law, without costs, plaintiff's motion for summary judgment should be denied, defendants' motion for summary judgment should be granted and paragraph (b) of subdivision 4 of section 2801-a of the Public Health Law should be declared to be applicable to plaintiff and its stock and constitutional as so applied.

KANE, J. P., STALEY, JR., MAIN and LARKIN, JJ., concur.

Judgment reversed, on the law, without costs, plaintiff's motion for summary judgment denied, defendants' motion for summary judgment granted and paragraph (b) of subdivision 4 of section 2801-a of the Public Health Law declared to be applicable to plaintiff and its stock and constitutional as so applied.