■ In the Matter of FAIRFIELD NURSING HOME, Petitioner, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, Respondent. —Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent denying petitioner's application for approval of construction of additional skilled nursing care facilities. Petitioner, Fairfield Nursing Home, is a skilled nursing facility located in the Riverdale section of Bronx County. In May, 1975, petitioner applied to respondent Commissioner of Health for approval, pursuant to article 28 of the Public Health Law, of its plan to add 12 beds to its facility. Respondent denied the application on the basis of a lack of public need (see Public Health Law, § 2802, subd 2). Petitioner requested a hearing. After taking testimony, respondent issued an order, dated March 15, 1977, denying the application on the same ground as previously stated. The hearing officer's report, issued simultaneously, reached the conclusion that the rejection of the application, based as it was on a prescribed formula, was arbitrary. He recommended rehearing and reconsideration of the application. Respondent's order explicitly rejected these findings. It is the Bureau of Facility Planning that determines the need for new facilities. The bureau applies a numerical formula, the "Hill-Burton formula", to project needed facilities in each county. Respondent applied this formula in the instant case and, due to the excess of beds in Bronx County, rejected the application. Faced with a remarkably similar problem, the Second Department stated in *Matter of Sturman v Ingraham* (52 AD2d 882, 885): "the petitioner's application was denied not on the basis of the commissioner's review of the facts and merits of her application, but on the basis of applying to the petitioner's application a preset, rigid numerical policy (not contained in the statute) which foredoomed the application. That procedure precluded a fair review and resulted in an arbitrary determination (see *Matter of Swalbach v State Liq. Auth.,* 7 NY2d 518). * * * approval or disapproval hinges upon which side of a county line an applicant plans his facility. Obviously, the determination should be based on the needs of an area and the facts of the particular case, and not solely upon rigid or artificial geographical segmentations." The error in respondent's method lies in its reliance on one factor, a statistical county-wide "need" formulation, foreclosing consideration of a wide array of factors which even respondent must acknowledge are relevant. Respondent's "guidelines", although of dubious validity since they have not been properly filed (see *Matter of Sturman v Ingraham, supra)*, suggest several factors which should be considered in evaluating public need, some of which

petitioner alleges are present here. Thus, the extent of waiting lists for admission to existing facilities in the service area, any difficulty the local social services office has in placing patients, and delay in discharging patients from hospitals because of shortages in nursing homes, are all factors respondent has listed as relevant to an application yet despite evidence that all three factors are present and point in favor of approval in this case, respondent does not so much as mention them. Further, the formulation relied upon uses the county as the administrative boundary. While the use of this geographical division may simplify the task of determining need, it has no compelling relationship to the ultimate question of actual need. Thus, as this case demonstrates, a facility located at one end of a county which has no need for additional facilities but in proximity to counties which have an extreme unmet need, may be rejected despite the necessity for extra facilities in the nearby area. Respondent's own regulations speak of factors in the "service area" rather than the county. It makes no sense to reject this application because the facility is located in Bronx County which has enough beds, when petitioner services Westchester and New York Counties, counties in which more beds are needed. We reject respondent's formulation as arbitrary and remit the matter for a reconsideration which takes into account all relevant factors. Petition granted, without costs; determination annulled, and matter remitted for further proceedings not inconsistent herewith. Greenblott, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.