In the Matter of FRANK L. HOFFMAN, JR., et al., Petitioners, v NORMAN S. MOORE, as Chairman of the Public Health Council, et al., Respondents.

Third Department, October, 11, 1979

### APPEARANCES OF COUNSEL

*Rosenstock & Turner (John G. Turner, Jr.,* of counsel), for petitioners.

*Robert Abrams, Attorney-General (W. Alexander Melbardis* and *Shirley Adelson Siegel* of counsel), for respondents.

### OPINION OF THE COURT

MAIN, J.

On September 21, 1973, Eden Park Health Services, Inc., was established by the Public Health Council to operate a group of eight nursing homes, and the sole stockholders of the corporation were Frank L. Hoffman and his wife, Mary Jayne Hoffman. Subsequently, on August 20, 1974, the Hoffmans entered into a voting trust agreement whereby Frank L. Hoffman was given the voting rights to all of the stock for 10 years with the beneficial ownership thereof remaining with him and his wife. The agreement further provided that in the event Frank L. Hoffman died prior to the expiration of the 10-year period, the voting rights would devolve upon petitioners, as successor trustees, whose personal liability would be limited to acts of bad faith or willful misconduct.

It later developed that Frank L. Hoffman died on August 31, 1974, and as successor trustees under the voting trust agreement, petitioners applied on February 20, 1975 for establishment approval to operate the nursing homes pursuant to article 28 of the Public Health Law. When they were notified on May 24, 1976 that respondent council was considering disapproval of their application, they requested a hearing on the matter which was held on November 16, 1976. Thereafter, on June 29, 1977, the hearing officer recommended in his report that the application be disapproved because petitioners,

as trustees, were fiduciaries within the proscription of 10 NYCRR 600.10 and likewise could not meet the requirements of 10 NYCRR 620.1 (b) (1) which mandates that each applicant provide an affidavit "that he is to be the sole beneficial owner of the voting shares of which he is to be the holder of record in the proposed corporation". Adopting the hearing officer's recommendation, respondent council disapproved the application, and the instant proceeding ensued.

█ We hold that the challenged determination should be confirmed. In so ruling, we note that 10 NYCRR 600.10 expressly provides that fiduciaries such as petitioners "shall not be considered proper applicants for establishment, transfer of interest or transfer of stock of a facility" and that it was filed in the office of the Secretary of State on June 2, 1976 and became effective 60 days thereafter, long before respondent council's decision herein was rendered on October 24, 1977. Under these circumstances, petitioners had clearly acquired no vested right in establishment approval prior to the effective date of the regulation, and their argument that the regulation was improperly applied to them retroactively is accordingly without merit (cf. *Rooney v City of Long Beach,* 42 AD2d 34, mot to dismiss app granted 33 NY2d 897; McKinney's Cons Laws of NY, Book 1, Statutes, § 51). Additionally, they could not file the required affidavit under 10 NYCRR 620.1 (b) (1) as set forth above so as to be eligible for establishment approval because, as trustees, they were not the sole beneficial owners of the shares in question.

█ Such being the case, we turn to the basis for these regulations and find that they constitute a valid exercise of the State's police power. Unquestionably, the protection of the public by regulating who may own hospitals and nursing homes is a permissible State objective *(Long Is. Home v Whalen,* 62 AD2d 23; see, also, *Matter of Sigety v Hynes,* 38 NY2d 260, cert den 425 US 974), and respondent council acts reasonably when it seeks to insure that the actual owners of nursing homes will bear responsibility for their operation. Moreover, since the voting trust agreement here expressly limits the personal liability of petitioners in their operation of the homes, the need for such regulations is even more apparent.

█ Lastly, we find there to have been no unreasonable delay in respondent council's decision-making process such as would justify setting aside the challenged determination, particularly

where a substantial period of time was required to grant petitioners their requested hearing.

The determination should be confirmed, and the petition dismissed without costs.

SWEENEY, J. P., KANE, STALEY, JR., and HERLIHY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.