■ In the Matter of ROBERT N. ANDERSON, Doing Business as WOODCREST MANOR PROPRIETARY HOME FOR ADULTS, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent denying petitioner's application to expand the capacity of his private proprietary home for adults. On October 20, 1977, petitioner, the proprietor of the Woodcrest Manor Proprietary Home located in Dutchess County, applied to the Department of Social Services for approval of an expansion of his facility by 28 beds. His application was denied. Following a hearing, respondent affirmed this determination finding, among other things, that the most recent figures indicate a vacancy rate of 15.5% in adult home beds in Dutchess County; that while the average number of adult home certified beds in New York is 1.94 per 1,000 people, in Dutchess County the number of beds is 3.91 per 1,000 people; that the number of certified adult home beds occupied by former Department of Mental Hygiene patients in Dutchess County is 10 times the median figure in New York State; that letters of opposition to the expansion from local governmental entities were received; that there was testimony indicating that the number of mentally disabled residents of Dutchess County per base population of 1,000 is 10.5, which is the highest percentage in New York State; that the expansion would have a negative impact placing a strain on community and governmental resources; that due to the State's policy of "deinstitutionalization", additional placement of institutional residents from the Office of Mentally Retarded and Developmentally Disabled into private proprietary homes for adults is not contemplated in the future and in fact had ceased in Dutchess County; and that petitioner did not substantiate his claim that counties surrounding Dutchess County are in need of adult home beds. Petitioner thereafter commenced the instant proceeding to review respondent's determination. Initially, petitioner con-

tends that respondent erred by requiring proof of public need before approving expansion as the regulations in effect at the time he submitted his application did not require such a showing. Prior to the department's denial of petitioner's application, however, the regulations were modified so as to require a showing of public need before approval of an expansion is granted (see 18 NYCRR 486.3, eff Sept. 22, 1978). Under these circumstances, petitioner, in our view, did not acquire a vested right in expansion approval prior to the effective date of the regulation and, therefore, his contention that the regulation was improperly applied retroactively must be rejected (see *Matter of Hoffman v Moore,* 70 AD2d 220, 222, mot for lv to app den 49 NY2d 702). We also find without merit petitioner's argument that respondent applied a rigid numerical geographical standard in assessing public need contrary to this court's proscription of such a standard in *Matter of Fairfield Nursing Home v Whalen* (64 AD2d 802). Upon examination of the record, it is clear that other relevant factors were considered by respondent in reaching its determination and, consequently, *Matter of Fairfield Nursing Home v Whalen (supra)* and *Matter of Sturman v Ingraham* (52 AD2d 882), also relied upon by petitioner, are inapposite. It is also maintained by petitioner that respondent erred in failing to consider the special services provided by Woodcrest Manor for the mentally retarded. Respondent concluded, however, that in view of the State's policy of "deinstitutionalization", placements from institutions for the retarded into private proprietary homes for adults would not be made. Having so concluded, it was not improper for respondent to decline to consider the special services provided by Woodcrest Manor for such individuals. It is the opinion of this court that respondent's determination is supported by substantial evidence and, accordingly, it should be confirmed *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 230, 232). We have examined petitioner's remaining arguments and find them unpersuasive. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.