OPINION OF THE COURT
Joseph J asp an, J.
The defendant, Smithtown General Hospital, demurred to the indictments against it upon the ground that since it was a general partnership it could not be indicted and therefor was incapable of pleading to the charges.
This court, holding that demurrers were no longer available as a procedural remedy, directed the clerk to enter pleas of not guilty (CPL 220.50, subd 3) and then elected to consider the motion of defendant as one directed to the dismissal of the indictments (CPL 210.20, subd 1).
The position of the defendant is that it is not an entity separate and apart from the aggregate of the individuals who are members of the partnership. It urges that the doctrine of respondeat superior does not apply (People v Joseph, 11 Misc 2d 219) and therefore the partnership cannot be indicted in the absence of culpable intent on the part of each of the 42 partners.
The defendant operates a proprietary hospital and is charged, in effect, with permitting an unauthorized person to participate in a surgical procedure upon an uninformed, non-consenting patient and falsifying its records to conceal that crime. The indictment is couched in terms appropriate to subdivision 5 of section 120.05 of the Penal Law and section 175.10 of the Penal Law which respectively provide as follows:
*146 Section 120.05:
"A person is guilty of assault in the second degree when:
"5. For a purpose other than lawful therapeutic treatment, he intentionally causes stupor, unconsciousness or other physical impairment or injury to another person by administering to him, without his consent, a drug, substance or preparation capable of producing the same.” (Emphasis added.)
Section 175.10:
"A person is guilty of falsifying business records in the first degree when he commits the crime of falsifying business records in the second degree, and when his intent to defraud includes an intent to commit another crime or to aid or counsel the commission thereof.” (Emphasis added.)
Person is defined in subdivision 7 of section 10.00 of the Penal Law as a "human being, and where appropriate, a public or private corporation * * * a partnership(Emphasis added.)
While the criminal liability of corporations and of individuals acting in the name of a corporation is expressly set forth in the Penal Law (§§ 20.20, 20.25) no similar provision is found with respect to partnerships and no reported case has been found in this State which deals directly with this issue.
The legislative pattern is probably grounded upon common-law concepts of a partnership as opposed to that of the entity known as a corporation. But the definition of "person” in the Penal Law and the mandate of that law (§ 5.00) that it be liberally construed provide an opportunity for rationalization in the interests of promoting justice and effecting the objects of the law.
A partnership has been defined as a relationship with no legal being as distinct from the members who comprise it. (State v Spears, 57 NM 400.)
But that is a generalization which invites exceptions. (Bellis v United States, 417 US 85; Matter of Lewis v Hynes, 82 Misc 2d 256.)
The partnership can be either an entity or an aggregate of its members depending upon the nature of its activities and in the case of criminal law depending also upon the nature of the infraction.
In Beilis, the court held that the Fifth Amendment privilege is a purely personal one available only to a natural individual and not to individuals when acting as representatives of a collective group such as a small dissolved law partnership. *147 The collective group was thus ruled an entity separate and apart from its individual members.
In Hynes, the individuals doing business as partners operating a nursing home were held to be a collective entity, "independent of its owners” and therefore denied the personal privilege of the Fifth Amendment.
The concept of a partnership as an entity liable for certain of its criminal activities independent of culpability by its respective members was expressly considered in United States v A & P Trucking Co. (358 US 121). Two partnerships were charged, as entities, with violations of section 835 of title 18 of the United States Code which makes it a crime to knowingly violate some Interstate Commerce Commission regulations (US Code, tit 49, § 303, subd [a]).
The Supreme Court, relying upon a definition of person (US Code, tit 49, § 322, subd [a]) similar to that found in subdivision 7 of section 10.00 of the Penal Law, held that impersonal entities can be guilty of knowing or willful violations of regulatory statutes through the doctrine of respondeat superior and that a partnership may be considered an entity separate and apart from the aggregate of its members.
The operation of a hospital is so intertwined with the public interest as to legally justify the imposition of extensive controls by all levels of government. The applicable regulatory statutes and implementing regulations not only involve care and services, but relate to the creation and ownership of those institutions and to every aspect of its internal affairs including limitations as to costs and charges. (Public Health Law, art 28; 10 NYCRR Parts 401, 600.) The hospital must provide information, facilities and services to aid in a department of health determination of the appropriateness of care and services and comply with a uniform State-wide system of reports and audits relating thereto (Public Health Law, § 2803, subd 6). The institutions’ rules as to the admission of a patient, length of stay, and provision for surgery are also subject to regulation (Public Health Law, § 2803, subd 2).
Even the patients’ rights are defined by statute (Public Health Law, § 2803-c, subd 3) and include this pertinent provision: "e. Every patient shall have the right to receive adequate and appropriate medical care, to be fully informed of his or her medical condition and proposed treatment unless medically contraindicated, and to refuse medication and treat *148 ment after being fully informed of and understanding the consequences of such actions.”
The health care is provided by the facility and not necessarily by any of its proprietors. Accreditation, when given, is provided to the institution and not to the component members of the named proprietor. The hospital is in every sense an entity and not just an aggregate of the 42 individual partners.
The counts in the respective indictments relating first to the anesthetization of a patient without his consent for a purpose other than lawful medical or therapeutic treatment and secondly to^the records maintained with respect thereto have that apparent nexus-±o_the regulatory provisions controlling a hospital as to bring this case within the orbit of the principles enunciated in United States v A & P Trucking (supra). Such a result is not precluded by People v Joseph (supra), which holds that violations of regulatory statutes may subject a collective body to the doctrine of respondeat superior.
In civil law, two or more persons conducting a partnership may sue or be sued in the partnership name. I now hold that this defendant may be charged in an indictment as an entity with the commission of crimes related to the discharge of its primary obligations as a general hospital even though there is no showing of culpability on the part of the individual partners.
The motion to dismiss the indictment against Smithtown General Hospital is denied. This decision does not, however, deal with the sufficiency of the Grand Jury minutes which have not yet been made available for inspection.