SYRACUSE URBAN RENEWAL AGENCY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 66429.)

Third Department, January 17, 1985

**APPEARANCES OF COUNSEL**

*David M. Garber, Corporation Counsel* (*Robert J. Jenkins* of counsel), for appellant.

*Robert Abrams, Attorney-General* (*Maurice K. Peaslee* and *Peter H. Schiff* of counsel), for respondent.

**OPINION OF THE COURT**

WEISS, J.

Legislation was enacted in 1956 (L 1956, ch 461) to establish a program for the purchase of health insurance for active and

retired employees of the State and its political subdivisions. The program was to be funded by contributions from the employing agencies or municipalities and to be administered by the President of the Civil Service Commission (see Civil Service Law, art XI). The President is authorized to purchase contracts of health insurance from carriers authorized to conduct insurance business in the State (Civil Service Law, § 162, subd 1). Claimant joined the State Employees Health Insurance Program (hereafter Plan) June 1, 1967 and remained a participating member until it withdrew effective April 1, 1980. On September 30, 1980, claimant filed a notice of intention to file a claim against the State and, on March 26, 1982, a formal claim seeking recovery of $11,640.12, which sum it alleged was due as its pro rata share of a distribution of unused insurance premium moneys returned to the State by health insurance carriers during the years 1976 through 1979. The State's motion to dismiss the claim pursuant to CPLR 3211 (subd [a], pars 2, 7) was granted and claimant's cross motion for discovery and consolidation of its claim with similar claims of other claimants was denied. This appeal ensued.

Both in its motion before the Court of Claims and brief upon this appeal, the State has asserted that the Court of Claims lacks subject matter jurisdiction. The answer contains affirmative defenses, the first of which alleges that subdivision 6 of section 167 of the Civil Service Law provides that income derived from any dividends, premium rate adjustments or other refunds under any health insurance contract shall be retained in the health insurance fund administered by the President of the Civil Service Commission as a special reserve for adverse fluctuations in future charges upon such contracts of health insurance. Historically, as in the year 1980, no cash refunds or like distribution were ever made to participants; rather, any receipts derived by the fund from the above-described sources were utilized toward payment of the premiums for health insurance, thereby reducing the premium cost to participants. In 1980, the cost to participants was in fact reduced each month. Claimant has sued the State contending that such monthly premium reductions constituted distributions within the intendment of subdivision 2 of section 163 of the Civil Service Law, which mandates a pro rata distribution to the same agencies whose unused premiums made up the dividends.[*]

---

[*] The last sentence of subdivision 2 of section 163 of the Civil Service Law reads: "Neither the state nor any other participant in the plan shall be charged with the particular experience attributable to the employees of the participant, *and all dividends or retroactive rate credits shall be distributed pro-rata based upon the number of employees of such participant covered by the plan*" (emphasis added).

■ Relying on the rule confirmed in *Tango v Tulevech* (61 NY2d 34), the State argues that the claim should have been dismissed because the actions of the President of the Civil Service Commission were discretionary and thus reviewable only in a CPLR article 78 proceeding (see, also, *Santangelo v State of New York,* 101 AD2d 20; *Brady v County of Tioga,* 100 AD2d 676). We disagree. The only possible discretion vested in the President is the timing of distributions to meet adverse fluctuations in premium charges. The statutory language makes any distribution mandatory on a pro rata basis (Civil Service Law, § 163, subd 2). Therefore, the case was properly brought in the Court of Claims.

■ Turning to the merits, claimant's argument is grounded upon a contention that the clear language of subdivision 2 of section 163 of the Civil Service Law requires that all dividends accumulated from 1976 through 1979 be distributed pro rata to those agencies whose premium payments generated the dividends. Claimant seeks to distinguish subdivision 2 of section 163 from subdivision 6 of section 167 of the Civil Service Law by limiting the withholding or accumulation of moneys as a special fund to hedge against future adverse fluctuations in premium charges only to the *income* in the form of interest produced by or earned upon dividends, rate fluctuations or other refunds received by the health insurance fund. It argues that subdivision 2 of section 163 mandates that all principal received in the form of "dividends or retroactive rate credits" be distributed pro rata to the same employers who paid the original premiums, relying upon *Health Care Plan v Bahou* (92 AD2d 142, mod on other grounds 61 NY2d 814). We disagree, finding nothing in that case inconsistent with our holding that moneys received from insurance carriers in the form of "dividends or retroactive rate credits" must, pursuant to subdivision 2 of section 163 be used for payment of premiums for all members in ensuing years, and moneys received by the insurance fund called "income from investments made by the fund with monies in its control" shall be credited to and retained by the fund as a special reserve for adverse premium fluctuations in future years, pursuant to subdivision 6 of section 167. The statutory history of the enactment of subdivision 6 of section 167 (L 1956, ch 461) and subdivision 2 of section 163 (L 1958, ch 950) supports our conclusion (see Memorandum of Department of Civil Service, April 3, 1958, Governor's Bill Jacket, L 1958, ch 950).

Stated in other words, sources of money to the insurance fund, other than employer contributions, are derived from dividends

or retroactive rate credits from insurance carriers based upon claims experience or income from investments made with assets of the fund. The former are to be used to reduce employers' contributions across the board on a pro rata basis without regard to individual claim experience and the latter to be held as a special reserve to offset adverse premium fluctuations in future years. In neither instance, however, are cash refunds to be distributed to contributing employers. This is the interpretation made by the agency charged with administration of the statute and to whose expertise courts regularly defer (see *Matter of Burger King v State Tax Comm.*, 51 NY2d 614, 621). Therefore, the Court of Claims properly determined that claimant was not entitled to a refund and its dismissal of the claim must be affirmed.

We find no merit in claimant's contention that the State was an insurer for premium payments. The entire construction of the health insurance plan under article XI of the Civil Service Law contemplates that the State would purchase health insurance coverage from insurance carriers (see Civil Service Law, § 162). Moreover, the State itself is an employer (4 NYCRR 73.1 [b]). Having found that the claim was properly dismissed, it is unnecessary to reach claimant's arguments concerning its cross motion for consolidation and discovery which was denied by the Court of Claims.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Order affirmed, with costs.