Requestor: Louis J. Colella, Esq., Village Attorney Village of Dansville 191 Main Street Dansville, New York 14437
Written by: Cynthia Kruesi, Assistant Attorney General
You have asked whether the Village of Dansville can be held vicariously liable for fire department Dram Shop Act violations committed during fundraising events and for such violations or for tortious conduct during social events.
You have explained that the fire department consists of four incorporated volunteer fire companies. You have asked us to assume that a fire company sponsored a fundraising event at which it sold alcoholic beverages, that a Dram Shop Act violation occurred, that the fire department was liable and that the village was aware of the fundraising activities and the sale of alcohol.
Based on this scenario, you have asked whether the village would be liable for the violations and whether it would make a difference if the village had approved of the fundraising activities. You have also requested an opinion as to whether the village could be held liable for fire department Dram Shop Act violations and torts occurring during social functions.
Finally, in a subsequent letter, you have also asked whether Not-For-Profit Corporation Law, § 720-a applies to village fire department officers.
General Obligations Law, § 11-101, commonly known as the Dram Shop Act, authorizes recovery for injuries caused by an intoxicated person from anyone who unlawfully contributed to such intoxication. Liability requires a "prohibited sale" as defined in Alcoholic Beverage Control Law, § 65. The purpose of the Dram Shop Act is to deter the unlawful sale and use of liquor and to provide a remedy for those injured by such sale and use (see, Fox v Mercer, 109 A.D.2d 59 [4th Dept, 1985]).
We conclude that a village could be held responsible for a fire department's Dram Shop Act violations occurring during a fundraising event. Under traditional concepts of respondeat superior, an employer is liable for injuries to another person caused by employee misconduct committed within the scope of employment. An act is deemed to have occurred during the scope of employment if it was in furtherance of duties owed to an employer and the latter could control the activities or if it was a natural incident of employment (Riviello v Waldron,47 N.Y.2d 297 [1979]; Bazan v Bohne, 144 A.D.2d 168 [3d Dept, 1988]). The doctrine of vicarious liability applies to municipalities for firefighter misconduct (see Thomas v Consolidated Fire Dist. No. 1, 50 N.Y.2d 143
[1980]; Swerdzewski v Unincorporated Village of Westhampton Beach,30 A.D.2d 694 [2d Dept, 1968]). That a firefighter is an unpaid volunteer does not affect his status as an employee of the municipal entity that controls him (see Knapp v Union Vale Fire Co., Inc., 141 A.D.2d 509 [2d Dept, 1988]; see also, Volunteer Firefighters' Benefit Law, § 2; Restatement [Second] of Agency, §§ 221, 225).
The issues, then, are whether the doctrine of respondeat superior applies to Dram Shop Act violations and whether fundraising events are encompassed within the scope of firemanic employment. The answer to both questions is "yes". Generally, derivative liability can apply not only as to torts but also as to statutory violations (see Danshinsky v Santjer,32 A.D.2d 382, 387, [2d Dept, 1969]; People v Smithton Hosp.,92 Misc.2d 144, 147 [Sup Ct, Suffolk Co, 1977]).
We have found no indication that the Dram Shop Act is among the statutes to which the doctrine of respondeat superior does not apply (see, e.g.,New York State Dept. of Correctional Servs. v McCall, 109 A.D.2d 953 [3d Dept, 1985] [respondeat superior does not apply to sex discrimination cases under Executive Law]; Brady v County of Tioga, 100 A.D.2d 676 [3d Dept, 1984] [respondeat superior unavailable against municipality in42 U.S.C. § 1983 actions]).
Statutory provisions concerning firemanic fundraising and workers' compensation indicate that fundraising activities can be deemed to occur within the scope of employment because they are authorized and controlled by the employer village. The General Municipal Law provides that a fire company or group of fire companies may engage in fundraising activities and that such activities must be under the exclusive auspices of the fire company or companies (§ 204-a[2], [4]). The fire company must first provide to the governing board of the political subdivision written notification, including a general description of the fundraising methods to be used; and if the board does not object in 30 days, it is deemed to approve (§ 204-a[6][a], [8][a]). Since the silence of the village upon such notification is deemed acquiescence, the absence of its affirmative approval would not relieve it of vicarious liability. In addition to specific statutory authority as to firefighter fundraising events, the village board of trustees also has a right to general control over volunteer firefighters (see, Not-for-Profit Corporation Law, §1402[e][1]; Village Law, § 10-1000).
That firemanic fundraising activities occur within the scope of employment is further indicated by statutory provisions indicating that such activities are performed in "line of duty" (see, Volunteer Firefighters' Benefit Law, § 3[3], [5][1][m], [15]).
We note that General Municipal Law, § 205-b, which insulates volunteer fire company members from civil liability for acts in the performance of duty, except for "wilful negligence or malfeasance", does not apply to fundraising activities (see, § 204-a[7]). This does not mean that fundraising events are outside the scope of employment but merely that ordinary rules of negligence apply to such activities.
It seems unlikely that purely social activities, such as outings and athletic events and firehouse recreational events would be considered to occur within the scope of firemanic employment. Unlike fundraising activities, conducted only with village government acquiescence, social activities are purely internal fire company events. Thus, it seems that liability for firemanic misconduct, whether a statutory violation or a tort, occurring during social events, would not be imputed to a village.
Again, statutory provisions provide guidance. Under General Municipal Law, Not-For-Profit Corporation Law and Village Law, there is no authority for fire departments to organize social activities, no duty to engage in such activities and no authority for the board of fire commissioners or village boards of trustees to control such activities. Further, for purposes of workers' compensation, recreational and social activities are excluded from the scope of firemanic activities performed in the line of duty (see, Volunteer Firefighters' Benefit Law, §§3[3], 5[1][m] and [2][b]).
We note that workers' compensation covers a number of activities, though neither fundraising nor social, which could probably be considered acts within the scope of employment. These include participation in fire department drills, parades and funerals, as well as competitive contests or public exhibits intended to promote fire department efficiency (see, Volunteer Firefighters' Benefit Law, § 5[1][e] and [i]).
You have also asked whether volunteer fire department officers are protected by Not-For-Profit Corporation Law, § 720-a, which grants qualified immunity from civil liability to officers of not-for-profit corporations described in 26 U.S.C. § 501(c)(3). Thus, to answer this question an interpretation of the Internal Revenue Code is required to determine whether a volunteer fire department is a not-for-profit corporation within the meaning of that law. A taxpayer may request a ruling from the Commissioner of Internal Revenue, who may issue a published revenue ruling, an unpublished letter ruling or some other administrative proclamation. We suggest that you seek clarification from the IRS. Our research revealed no relevant decisional law.
We conclude that derivative liability could be imposed on a village for misconduct by firefighters committed during fundraising, but not social, activities.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.