OPINION OF THE COURT
Michael R. Juviler, J.
This is a written version of an oral decision on a motion to *1097 dismiss the indictment. The defendant Lessoff is a lawyer whose office is in Manhattan. The codefendant is the law partnership in which the defendant Lessoff is a partner. The issue is whether a law partnership may be indicted for crimes of fraud, and if so, whether a partnership may be indicted if only one partner is involved in the alleged crimes.
The evidence before the Grand Jury showed that the defendant Lessoff referred clients in personal injury accident cases to a radiologist in Brooklyn for examination and report. The indictment, as clarified by a bill of particulars, alleges that Lessoff instructed the radiologist to change MRI reports to delete references to nontraumatic damage and to abnormalities or injuries predating the accidents.
The crimes alleged are insurance fraud, for soliciting the doctor to change the MRI findings with intent to defraud insurers; falsifying business records, the MRI reports at the radiologist’s office; and attempted grand larceny, an attempt by false pretenses to gain money in a lawsuit against the New York City Transit Authority. At the time of the crimes charged in the indictment, the doctor, unknown to the defendant Lessoff, was working undercover with the District Attorney’s office during the Grand Jury investigation and was secretly recording his telephone conversations with Lessoff. The indictment alleges 10 separate transactions involving 10 separate clients of Lessoff and the partnership. At all times Lessoff was acting in the name of the law firm. There is no evidence implicating anyone else in the firm in the alleged crimes.
For reasons not relevant to this decision, counts relating to three of the transactions have been dismissed for lack of evidence, and counts for seven transactions have been sustained, except that some counts have been reduced to attempts to commit the crimes.
The partnership defendant has moved to dismiss the entire indictment on the ground that the evidence before the Grand Jury shows, at most, culpable involvement by only one partner, the defendant Lessoff.
The plain language of Penal Law § 10.00 (7) authorizes an indictment of the partnership on such facts. That section provides that a "person” — which includes a person charged with a crime — means, "where appropriate,” "a partnership.” Similarly, the section defining the crime of insurance fraud, Penal Law § 176.00 (3), provides that a "person” chargeable *1098 with the crime of insurance fraud includes any "firm, association or corporation”; under the Partnership Law, a partnership is "an association of two or more persons to carry on as co-owners a business for profit.” (§ 10 [1] [emphasis added].) Unmistakably, therefore, the Penal Law applies to a law "firm,” whether it be a partnership or a professional corporation, and the law firm may be charged if one partner has committed a crime in the name of the law firm, as alleged in this case. Presumably, if there is a conviction of a partnership, the sentence can be a fine, a conditional discharge, or an unconditional discharge, as for a corporation. (See, Penal Law §§ 60.01, 60.25.)
The background of these Penal Law provisions confirms this interpretation. The quoted language was adopted as part of the Penal Law after Federal criminal statutes had been construed by the Supreme Court of the United States to apply to partnerships, without reference to individual responsibility. United States v A & P Trucking Co. (358 US 121, 126-127) had held that "a partnership can violate each of the statutes here in question quite apart from the participation and knowledge of the partners as individuals.”
Application of the Penal Law to a partnership when only one partner is alleged to have been culpable may be harsh, but it is rational. It is analogous to the criminal responsibility of a corporation for conduct of a "high managerial agent.” (See, Penal Law § 20.20 [1] [b].) And it is consistent with the settled principle in torts that a partnership is responsible for conversion of funds by one partner, even if the other partners are unaware of the misconduct. (Partnership Law § 24; Clients’ Sec. Fund v Grandeau, 72 NY2d 62, 67.)
Criminal liability for one partner’s frauds is particularly appropriate in the case of a law partnership. Not only do law partners, as any partners, benefit financially from the fruits of one partner’s fraudulent conduct committed in the name of the firm, but there is a strong public interest in regulating the ethics of the legal profession. (Cf., People v Smithtown Gen. Hosp., 92 Misc 2d 144 [Sup Ct, Suffolk County] [public regulation of hospitals in the public interest supports criminal prosecution of a hospital partnership even without evidence of culpability of individual partners].)
The partnership’s motion to dismiss the indictment is denied.