The People of the State of New York, Respondent,
against
Cirillo Rodriguez, Appellant.



Appeal from a judgment of the Justice Court of the Village of Sleepy Hollow, Westchester County (Andres J. Valdespino, J.), rendered March 26, 2013. The judgment convicted defendant, upon a jury verdict, of theft of services.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with theft of services (Penal Law § 165.15 [7]), in that, on January 20, 2012, at 173½ Cortlandt Street, in the Village of Sleepy Hollow, New York, defendant did knowingly accept and receive the use and benefit of water which had been intentionally diverted from passing through a village-supplied water meter so as to avoid a charge for this service, by means of the installation, in the basement of the building, of a brass plumbing tee and hose bib connected to a rubber hose, which was placed on the water supply line at a point before the water had passed through the water meter. The supporting deposition of Martin Gotte, a code enforcement officer, which supplemented the accusatory instrument, stated that, on January 20, 2012, at 173½ Cortlandt Street, he observed in the basement thereof a new brass tee with a hose bib and hose installed before the water meter. The supporting deposition of Sean McCarthy, a building inspector, which supplemented the accusatory instrument, stated that, on February 9, 2012, at 173½ Cortlandt Street, defendant showed him a brass hose bib connection to the water pipe and told him that he had it moved to the other side of the meter after he had been informed that he was being accused of stealing water. McCarthy also stated in his supporting deposition that defendant had told him that his workers were using only enough water needed to mix the concrete. 
Prior to trial, defendant moved to dismiss the accusatory instrument as facially insufficient and, on January 28, 2013, the Justice Court denied the motion. After a jury trial, defendant was convicted of the charged offense. On appeal, defendant raises numerous issues, including that the accusatory instrument was facially insufficient, that the evidence was legally insufficient, that the verdict was against the weight of the evidence, and that he received the ineffective assistance of counsel.
Since defendant did not waive prosecution by information, the facial sufficiency of the accusatory instrument must be evaluated under the standards which govern the legal sufficiency of an information (see People v Kalin, 12 NY3d 225, 228 [2009]). Pursuant to Penal Law § 165.15 (7), a person is guilty of theft of services when he knowingly accepts or receives the use and benefit of a service which should pass through a meter but has been diverted therefrom, or which has been prevented from being correctly registered by a meter provided therefor, or which [*2]has been diverted from the pipes of the supplier thereof. Here, the accusatory instrument was facially sufficient since, together with the supporting depositions, it contained allegations which established, if true, every element of the offense charged and defendant's commission thereof (see CPL 100.15; 100.40 [1]). As a result, the factual allegations of the information gave defendant sufficient notice to prepare a defense and were adequately detailed to prevent him from being tried twice for the same offense (see People v Konieczny, 2 NY3d 569, 575 [2004]; People v Casey, 95 NY2d 354, 360 [2000]). 
Defendant's challenge to the legal sufficiency of the evidence is preserved for appellate review since he raised these same contentions with specificity before the Justice Court (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). At trial, Gotte testified that, on January 20, 2012, upon his inspection of the basement in the building located at 173½ Cortlandt Street, he observed, on the water supply line, a tee with a hose bib which was placed before the water meter in such a way as to be able to obtain water without it passing through the meter, so that it did not have to be paid for. The photographs that he took of this device were entered into evidence. Further, although there was no direct evidence of actual water usage, there was sufficient circumstantial evidence presented at trial of such usage. Among other things, Gotte testified that, on January 20, 2012, he had observed construction work actively being performed in the basement, which would require water usage, and submitted photographs documenting the same. Moreover, McCarthy testified that, upon visiting the site about three weeks after the offense had occurred and after the tee and hose bib connection had been moved to a point past the water meter, defendant had stated to McCarthy that he "wasn't using a lot of water" and that "it wasn't a big deal." Similarly, defendant testified that he had told McCarthy that he had used just five gallons of water to mix concrete. Such statements by defendant indicate both that there was water usage at the relevant time and that defendant had a consciousness of guilt (see People v Bennett, 79 NY2d 464, 469 [1992] ["Certain postcrime conduct is indicative of a consciousness of guilt, and hence of guilt itself"]; People v Alexander, 37 NY2d 202, 204 [1975]; People v Butterly, 25 NY2d 159, 162-163 [1969]).
We note that, pursuant to Penal Law § 165.15 (7), proof that service has been intentionally diverted from passing through a meter, or has been intentionally prevented from being correctly registered by a meter provided therefor, or has been intentionally diverted from the pipes, shall be presumptive evidence that the person who accepts or receives the use and benefit of such service has done so with knowledge of the condition so existing. Thus, the prosecution established, through presumptive evidence, that defendant had knowledge that the tee and bib had been placed on the water line in such a way as to intentionally divert the water from passing through the meter.
Defendant's contention that he was not the proper party to be prosecuted lacks merit. Defendant testified that he had purchased the building located at 173½ Cortlandt Street and that, even though 173½ Cortlandt Street, LLC legally owned that property, he controls that company. He further testified that he supervised all of the construction work that was performed there. Thus, criminal liability may be imposed upon defendant since he, whether acting individually or on behalf of his limited liability company, accepted and received the use and benefit of the water service which should have passed through the meter (see generally Penal Law § 20.25; People v Highgate LTC Mgt., LLC, 69 AD3d 185 [2009]; People v Larrea, 40 Misc 3d 142[A], 2013 NY Slip Op 51511[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]). Consequently, regardless of who may have actually installed the device and whether it existed at the time that the building had been purchased, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we conclude that the evidence was legally sufficient to establish, beyond a reasonable doubt, defendant's commission of the offense of theft of services (see Penal Law § 165.15 [7]; People v Danielson, 9 NY3d 342, 349 [2007]).
In fulfilling our responsibility to conduct an independent review of the evidence (see CPL 470.15 [5]; Danielson, 9 NY3d 342), we accord great deference to the factfinder's opportunity to [*3]view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Romero, 7 NY3d 633, 644-645 [2006]), and the determination of the trier of fact should be afforded great weight on appeal and not disturbed unless clearly unsupported by the record (see People v Mateo, 2 NY3d 383, 410 [2004]). Here, the record demonstrates that two plumbers testified on defendant's behalf that the placement of the tee and hose bib on the water supply line existed before defendant's purchase of the building, that they were likely installed for the purpose of draining the water system, and that whoever had installed that device must have been inexperienced, as it had been placed on the incorrect side of the meter. Nevertheless, after weighing the relative probative force of the conflicting testimony and the relative strength of the conflicting inferences that may be drawn therefrom, we find that the determination of the jury, that defendant knowingly accepted or received the use and benefit of the water service which should have passed through the meter, was supported by the record. Consequently, upon a review of the record, we are satisfied that the verdict was not against the weight of the evidence.
Finally, viewing the evidence, the law, and the circumstances of this case, we find that defendant was afforded meaningful representation and the effective assistance of trial counsel under the New York Constitution (see People v Turner, 5 NY3d 476, 480 [2005]; People v Benevento, 91 NY2d 708, 713-714 [1998]; People v Baldi, 54 NY2d 137, 146-147 [1981]) and under the United States Constitution (see Strickland v Washington, 466 US 668 [1984]). We note that mere disagreement with strategies or tactics will not suffice to establish a claim of ineffective assistance of counsel (see People v Benn, 68 NY2d 941, 942 [1986]; People v Satterfield, 66 NY2d 796, 798-799 [1985]) and that an attorney is not ineffective for failing to make an objection or an argument that is unlikely to succeed (see People v Ennis, 11 NY3d 403, 415 [2008]; People v Mack, 91 AD3d 794 [2012]).
Defendant's remaining contention is unpreserved for appellate review.
Accordingly, the judgment of conviction is affirmed.
Marano, P.J., Iannacci and Brands, JJ., concur.
Decision Date: June 29, 2016