**CITY OF STOW, Appellant,**

v.

**SUMMIT COUNTY et al., Appellees.**

[Cite as *Stow v. Summit Cty.* (1990), 70 Ohio App.3d 298.]

Court of Appeals of Ohio,
Summit County.

No. 14624.

Decided Nov. 14, 1990.

*L. James Martin,* for appellant.

*Pamela A. Walker,* Assistant Prosecuting Attorney, *Kerry Bruce,* and *William T. Plesec,* for appellees.

CACIOPPO, Judge.

The city of Stow appeals the decision of the trial court granting summary judgment in favor of Summit County and the city of Akron.

On November 5, 1980, Stow filed a declaratory judgment action against Summit County. The complaint sought a declaration of Stow's rights under a contract entered into with Summit County on December 24, 1974, and a temporary injunction to enjoin Summit County from increasing the water rate. On September 29, 1983, the trial court found that Akron was a necessary party under Civ.R. 19(A) and ordered Stow to join Akron as a party defendant within thirty days. Without leave of court, Stow filed a second amended complaint for declaratory judgment on November 1, 1983. The complaint sought declaratory and other relief with respect to the 1974 contract, injunctive relief with respect to the water rate increase, and injunctive relief and damages for alleged antitrust violations arising out of a 1979 water supply agreement between Akron and Summit County.

On July 10, 1989, Akron filed a motion to dismiss and/or for summary judgment. On July 11, 1989, Summit County filed a motion for summary judgment. Stow filed briefs in opposition.

On May 7, 1990, the trial court issued a ruling holding that Stow failed to prove its contract claims and that the Valentine Act was inapplicable to Stow's

antitrust claims. In a judgment order entered on May 16, 1990, the trial court granted summary judgment to Akron and Summit County. Stow appeals.

### Assignment of Error 1

"The common pleas court erred in holding that governmental entities acting in their proprietary capacities are exempt from the Valentine Act."

Stow argues that the trial court erred in finding that Akron and Summit County are not "persons" under the Valentine Act.

The Valentine Act defines a "person" as follows:

"(A) 'Person' includes corporations, partnerships, and associations existing under or authorized by any state or territory of the United States, and solely for the purpose of the definition of division (B) of this section, a foreign governmental entity." R.C. 1331.01(A).

Applying the rules of statutory construction, the trial court found that the inclusion of "foreign governmental entity" with no reference to Ohio governmental entities indicated a legislative intent to exclude Ohio governmental entities from the definition of "person." We find this analysis correct. The principal of *expressio unius est exclusio alterius* means that the expression of one or more things of a class implies the exclusion of all not expressed.

In construing R.C. 1331.01(A), the Supreme Court of Ohio stated:

" * * * [I]f the legislature had intended the term 'person' to include all governmental entities in all situations, it would have included them in the statutory definition. Indeed, the legislature did expressly include 'foreign governmental entit[ies]' within the definition. Thus, the resolution of this case rests upon the principle that ' * * * the express mention of but one class of persons in a statute implies the exclusion of all others.' *State, ex rel. Boda, v. Brown* (1952), 157 Ohio St. 368, 372 [47 O.O. 262, 264, 105 N.E.2d 643, 646]." *Thaxton v. Medina City Bd. of Edn.* (1986), 21 Ohio St.3d 56, 57, 21 OBR 357, 358, 488 N.E.2d 136, 137.

Applying the principles of statutory construction to this case, we find, as a matter of law, Akron and Summit County are not "persons" within the meaning of R.C. 1331.01(A). The first assignment of error is overruled.

### Assignment of Error 2

"The court of common pleas erred in granting the motion for summary judgment on the contractual claims."

We have thoroughly reviewed the record and find that Stow abandoned its contractual claims. In a brief filed on October 25, 1989, and a supplemen-

tal memorandum of authorities, Stow asserted that its only remedy was under the Valentine Act. The second assignment of error is overruled.

### Assignment of Error 3

"The lower court erred in failing to declare the rights, duties, and responsibilities of the parties under Chapter 2721, R.C."

Stow argues that rendering a summary judgment in a declaratory judgment action is improper. Stow asserts that the meaning of the contract terms is a question of fact which precludes the trial court from granting summary judgment. This argument must fail. The very nature of construing language is a matter of law. In the appellant's brief, Stow submitted the following:

"As for the contractual issues, both the County and the City agreed they were matters of summary adjudication under the Court's interpretation of the contract. No further proof was deemed required by either side and the 'facts' such as might be required to declare the rights and duties of the parties under the contract were before the Court, i.e. the contracts themselves, the document produced in discovery, the pleadings, admissions made in argument, memoranda, affidavits, and so forth."

It is clear that the trial court was not required to make factual determinations. The third assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, P.J., and CIRIGLIANO, J., concur.