**ALEXANDER RAND ALZHEIMER'S CENTER, Appellant,**

**v.**

**OHIO CERTIFICATE OF NEED REVIEW BOARD, Appellee.**

[Cite as *Alexander Rand Alzheimer's Ctr. v. Ohio Certificate of Need Review Bd.* (1991), 72 Ohio App.3d 161.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–744.

Decided Jan. 15, 1991.

**162**

*Benesch, Friedlander, Coplan & Aronoff, Harry M. Brown* and *Anne M. Sturtz,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Dennis G. Nealon,* for appellee.

HOOPER, Judge.

On June 16, 1986, the Alexander Rand Alzheimer's Center (appellant) filed with the Ohio Department of Health ("ODH") a certificate of need ("CON") project application to construct a one-hundred bed nursing home facility in Stark County, Ohio. This application was filed pursuant to Am.Sub.S.B. No. 256, effective June 7, 1986.

On July 9, 1986, ODH requested additional information to enable it to declare the application complete.

In the meantime, Am.H.B. No. 301 was enacted and became effective September 28, 1987. Section 1 of Am.H.B. No. 301 amended Section 3 of Am.Sub.S.B. No. 256, and Section 2 of Am.H.B. No. 301 repealed the existing Section 3 of Am.Sub.S.B. No. 256.

On October 19, 1988, appellant responded with the information requested by ODH on July 9, 1986. On August 29, 1988, ODH requested additional information and this information was furnished January 10, 1989.

On January 25, 1989, ODH declared the application complete, evaluating the application under the criteria established under Am.H.B. No. 301 effective at the time the application was declared complete.

Appellant, pursuant to R.C. 3702.58, timely filed its appeal and a hearing was conducted with the hearing examiner filing a written report of findings of fact and conclusions of law and recommendations to be taken by the Certificate of Need Review Board ("board"). The board, pursuant to R.C. 3702.-58(D), took no action and the decision of the Director of Health was considered final. It is from that decision that appellant has perfected its appeal to this court pursuant to R.C. 3702.58(E).

Part (A) of assignment of error number one asserts the following:

"The CON Review Board order adopts ODH's erroneous interpretation of the effect of Am.H.B. 301 on Am.Sub.S.B. 256, which interpretation is incorrect, contrary to law and constitutes a retroactive application of law in violation of both the United States and Ohio Constitutions."

Appellant premises this assignment of error on what it perceives to be a retroactive application of the criteria of Am.H.B. No. 301 to its CON application contra to the mandates of R.C. 1.48 and Section 28, Article II, Ohio Constitution, which prohibit the enactment of retroactive laws. Appellant's argument in support of this theory must necessarily turn on its assertion that the filing date of the application and the fact that the application was pending at the time that Am.Sub.S.B. No. 256 was controlling should be dispositive of the application.

The appellant urges that in applying for a CON under Am.Sub.S.B. No. 256, the appellant relied upon its understanding that the ODH would continue to use the special review criteria contained in Am.Sub.S.B. No. 256 to evaluate its application, and that ODH's application of Am.H.B. No. 301 without notifying appellant of its intention to do so was a retroactive application of that law.

 It appears that appellant's position is that the policy of ODH, at an earlier date, was to permit applications to pend indefinitely. While this procedure was subsequently modified by a rule limiting the period, appellant argues that what was the law in existence at the time of filing the application should govern regardless of when the application was declared complete since no cut-off date existed for declaring an application complete.

This court does not agree. Section 3(B), Am.Sub.S.B. No. 256, reads as follows:

*"The procedure for determining applications to be approved pursuant to this section shall be based upon the original date such application was declared complete \* \* \*."* (Emphasis added.)

Section 3(C), Am.Sub.S.B. No. 256 as amended, was unchanged and still provided that the procedure for determining applications to be approved was determined by the original date the application was declared complete. The appellant cannot be heard to say that it was unaware of this criterion for determining approval of the application since it was the original criterion under Am.Sub.S.B. No. 256 and unchanged by Am.H.B. No. 301.

However, the fact that Am.H.B. No. 301 became effective in September 1987 (and it is presumed that appellant is aware of the legislative changes that affect the CON applications) deprives appellant of any basis to rely upon the prior statute which was repealed. Since Section 3 of Am.Sub.S.B. No. 256 no longer existed after September 28, 1987, any reliance by appellant upon that section would be misplaced.

The parties have agreed that if Am.Sub.S.B. No. 256 controls the evaluation of appellant's application, then the decision of the ODH must be reversed. Conversely, if Am.H.B. No. 301 controls, said order must be affirmed.

This court finds that the controlling element in this case is the statutory requirement of the date that the application was declared complete. That date, January 25, 1989, fell within the special criteria required by Am.H.B. No. 301 and, admittedly, appellant's application was deficient in two significant aspects of complying with that statute and the ODH necessarily was required to deny the application.

Both appellant and appellee cite *Anderson v. Blum* (1981), 80 A.D.2d 674, 436 N.Y.S.2d 378, in support of their respective positions. As correctly stated by appellant, " \* \* \* the very reason that the court arrived at this result [permitting the use of the criteria contained in the new statute] *was that the use of the new review criteria was part of an articulated and published law, accessible to all.* \* \* \* " (Emphasis added.) That is precisely the status of this case. Am.H.B. No. 301 was enacted and became effective sixteen months prior to the determination by ODH that appellant's application was complete. There was no application of policy on the part of the ODH which would contravene the existing statute. Regardless of the policy followed by ODH, it must conform to law and the existing law at that time was contained in Am.H.B. No. 301 and, if appellant's application did not meet that criterion, it must necessarily fail.

Part (A) of assignment of error number one is overruled.

Part (B) of assignment of error number one states:

"The provisions of R.C. § 3702.58(D) which permit the CON Review Board to adopt the decision of the director of health without approving, disapproving or modifying the hearing examiner's report violates the United States and Ohio Constitutions and deprives appellant of its procedural due process rights."

Appellant claims that R.C. 3702.58(D) and, more particularly, the provision that " * * * if a majority of the members of the board, after due consideration and deliberation, fails to approve or disapprove the decision of the hearing examiner * * *, the decision or ruling of the director of health shall be considered as the final decision or order of the board * * *," violate appellant's constitutional rights. As correctly stated by appellee, the issue presented by this assignment of error is a pure question of law and not dependent upon any factfinding of the appellee board.

■ It is a well-established rule that courts will not decide constitutional questions unless absolutely necessary to dispose of the cases before them. *State, ex rel. Herbert, v. Ferguson* (1944), 142 Ohio St. 496, 27 O.O. 415, 52 N.E.2d 980; and *State, ex rel. Hofstetter, v. Kronk* (1969), 20 Ohio St.2d 117, 49 O.O.2d 440, 254 N.E.2d 15.

■ Further, a reviewing court should not decide a constitutional question if a decision can be reached without reference to the question. *Cleveland v. Scott* (1983), 8 Ohio App.3d 358, 359, 8 OBR 470, 471, 457 N.E.2d 351, 352. Accordingly, a court of appeals will not determine the constitutionality of a statute where a determination of other issues will dispose of the case on its merits. *Norvell v. Cuyahoga Cty. Hosp.* (1983), 11 Ohio App.3d 70, 11 OBR 120, 463 N.E.2d 111; and *State v. Coldwell* (1982), 3 Ohio App.3d 283, 3 OBR 328, 445 N.E.2d 257. This court has determined that Am.H.B. No. 301 and the criteria contained therein govern the action of the board. The decision by ODH was in accordance with law and required affirmance by the board. Any error which may have been committed in the review process would be harmless error in light of the fact determination of this court. Accordingly, we find it is unnecessary to pass upon the constitutionality of R.C. 3702.58(D). Part (B) of assignment of error number one is overruled.

Assignment of error number two states:

"The decision of the director of ODH to deny the CON to Alexander Rand was based on unarticulated, unwritten, unannounced ODH policy and is unsupported by reliable, probative and substantial evidence."

This assignment of error by appellant simply stated is that ODH, as a matter of policy, followed the special criteria in Am.H.B. No. 301 as the

controlling statute in denying the approval of appellant's application. The hearing transcript reveals that the current view of ODH is that if the law controlling applications changes during the pendency of an application, then the new law would be applied to pending applications. Appellant asserts that this view constituted a policy change in that apparently, at some previous time, that was not ODH's policy to apply to filed and pending applications. The transcript does not indicate what the precise prior policy of ODH has been. Regardless, ODH's policy cannot contravene statutory mandates. In this respect, this assignment of error by appellant is the same as that previously addressed by this court. ODH is required to comply with the statute. The statute spells out the approval date by which an application may be evaluated. ODH's policy cannot vary or contravene the statute. Complying with the statute and evaluating the applications on the basis of the criteria contained in the new statute is not causing the decision to be based on unannounced or unwritten ODH policies.

Assignment of error number two is overruled.

Accordingly, this court, pursuant to R.C. 3702.58(E), finds that the order of the Director of the Department of Health is supported by reliable, probative and substantial evidence and is in accordance with law. Appellant's assignments of error are overruled, and the decision of the Certificate of Need Review Board is affirmed.

*Decision affirmed.*

STRAUSBAUGH and PEGGY BRYANT, JJ., concur.

JAMES J. HOOPER, J., of the Miami County Common Pleas Court, sitting by assignment.