MILLER et al., Appellants,

v.

WADSWORTH CITY SCHOOLS, Appellee.

[Cite as *Miller v. Wadsworth City Schools* (1994), 93 Ohio App.3d 278.]

Court of Appeals of Ohio,
Medina County.

No. 2239–M.

Decided Feb. 23, 1994.

*Carl E. Meador,* for appellants.

*Jeffrey K. Lindenberger,* for appellee.

---

BAIRD, Judge.

This cause comes before the court upon the appeal of Julianne B. and Charles Miller from the judgment of the Medina County Court of Common Pleas granting summary judgment to the Wadsworth City Schools ("the school board"). We affirm.

On September 16, 1989, the Millers attended a high school cross-country meet at the Wadsworth High School Stadium, a facility owned by the school board.

While retrieving her son's dry clothing after the competition, Ms. Miller stepped in a hole in the ground and fell, breaking her ankle. The area where she fell is near the top of a short grassy hill along which a path runs, bordering the stadium itself. At the bottom of that hill is a dirt road which had allegedly become impassable, due to heavy rainfall during the previous week. The Millers claim that the school board had a duty to maintain the road at the bottom of the hill, that Ms. Miller was unable to use that road, and that the school board's failure to maintain a passable road proximately caused her injuries. The trial court granted the school board's motion for summary judgment, based on R.C. 2744.-03(A)(5). The Millers appeal, asserting two assignments of error.

## Assignment of Error I

"The Trial Court erred in granting the appellee's motion for summary judgment as Wadsworth City Schools were not immune under R.C. 2744.03(A)(5) for liability for failure to maintain its road and adjacent areas and keep them free from nuisance."

■ When reviewing a grant of summary judgment, this court applies the same standard applied at the trial court. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122–1123; *Gonzalez v. Cuyahoga Falls* (Nov. 3, 1993), Summit App. No. 15891, unreported, at 3, 1993 WL 468298. To discern whether there are genuine issues of material fact upon which reasonable minds could differ, we must first understand R.C. Chapter 2744, the Political Subdivision Sovereign Immunity Act.

R.C. 2744.02(A) grants immunity from tort liability to political subdivisions generally, unless the facts of a claim come under one of five exceptions contained in R.C. 2744.02(B). Only if the facts conform to those provisions is the political subdivision vulnerable to liability. Consequently, when the facts do not fall under one of the exceptions, the court need not proceed further. If the political subdivision is vulnerable to tort liability, then the court will look to R.C. 2744.03 to determine if any of its defenses apply.

■ The Millers argue that two subdivisions of R.C. 2744.02(B) apply to this case. Their primary argument relies on subsection (3), which provides:

"Political subdivisions are liable for injury, death, or loss to persons or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, and free from nuisance * * *."

The Millers' argument focuses solely on the political subdivision's duty to keep public roads free of nuisance. At oral argument, their attorney expressly declined this court's invitation to expand the argument to include the public-

grounds provision. That being the case, they have failed to present evidence of non-compliance and, therefore, summary judgment was appropriate.

The Millers' claim fails for two reasons. First, this court questions whether the dirt road in question properly falls under the "public road" rubric. School property is not dedicated to use by the general public, nor is the general public invited to use it. See *Arcanum v. Cheadle* (Nov. 1, 1991), Darke App. No. 1284, unreported, 1991 WL 249526 (finding no duty to maintain an alley because, even though it was dedicated, the village had taken no affirmative steps to invite the general public to use it). Furthermore, to hold that a roadway of this nature is a public road would open the floodgates to litigation, exposing school systems to myriad liabilities never before contemplated as growing out of an educational enterprise, thus diverting funds from educational purposes.

Second, even if it is a public road, the facts of this case do not fit this provision. In *Gonzalez,* this court held that a guardrail on the berm of a highway was not a nuisance under R.C. 2744.02 because it was neither on the regularly traveled portion of the road, nor did it "directly [affect] the highway's safety for the regular and ordinary course of traffic." *Gonzalez* at 5 (*Manufacturers' Natl. Bank of Detroit v. Erie Cty. Road Comm.* [1992], 63 Ohio St.3d 318, 587 N.E.2d 819, followed).

In the same way, the hole in which Ms. Miller tripped was not in the regularly traveled portion of the road, nor did it render the dirt road below it unsafe. The area where Ms. Miller fell does not come within the public road provision.

■ The second exception to sovereign immunity which the Millers argue is applicable is subsection (2), which provides:

"Political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions."

This court notes that while the Millers' brief mentions subsection (2), it does not explain how that section would apply to the facts of this case. Instead, their analysis slips into a repetition of their argument under subsection (3), that the school board allowed a nuisance on its road, which caused Ms. Miller's injury. They do not allege, as this section requires, that a negligent act by a school board employee proximately caused Ms. Miller's injury. Again, the Millers failed to offer evidence supporting a claim under this subsection and summary judgment as to this claim was appropriate.

Since the facts of this case, seen in a light most favorable to the appellants, do not fall within any of the exceptions to the general grant of sovereign immunity found in R.C. 2744.02, we need not decide whether the defense in R.C. 2744.-03(A)(5) applies. Though the trial court granted summary judgment on that

basis, this court affirms for different reasons. "An appellate court must affirm a trial court's judgment if upon review any valid grounds are found to support it." *Gonzales* at 5, citing *Joyce v. Gen. Motors Corp.* (1980), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174–175. The first assignment of error is overruled.

### Assignment of Error II

"R.C. Section 2744.03(A)(5) is unconstitutional under Article I, Section 16 of the Constitution of Ohio because it denies the plaintiffs a remedy for the injury done them."

In their second assignment of error, the Millers challenge the constitutional validity of the defense to sovereign immunity found in R.C. 2744.03(A)(5). "It is a well-established rule that courts will not decide constitutional questions unless absolutely necessary to dispose of the cases before them." *Alexander Rand Alzheimer's Ctr. v. Ohio Certificate of Need Review Bd.* (1991), 72 Ohio App.3d 161, 165, 594 N.E.2d 119, 121, citing *State ex rel. Hofstetter v. Kronk* (1969), 20 Ohio St.2d 117, 49 O.O.2d 440, 254 N.E.2d 15. This court's resolution of the Millers' first assignment of error makes a decision on the constitutional question unnecessary. The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, P.J., and QUILLIN, J., concur.