JOURNAL ENTRY AND OPINION
{¶ 1} Appellants, Sharon Spitzer and 82nd Street Market, Inc., appeal the trial court's ruling, which granted summary judgment in favor of appellee, City of North Royalton. After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On May 4, 2006, appellants filed suit against several defendants, including Mid Continent Construction Company, Inc., National City Bank, and the City of North Royalton, alleging negligence, disturbance and diversion of natural water course, reasonable use, trespass, nuisance, gross negligence, and other causes of action. On May 18, 2006, appellants filed an amended complaint. Mid Continent Construction Co., Inc. ("Mid Continent Construction)" filed its answer on June 1, 2006, National City Bank ("National City") filed its answer on June 19, 2006, and the City of North Royalton ("the City"), appellee in the instant matter, filed its answer on July 5, 2006.
 {¶ 3} On October 26, 2006, the City filed its motion for summary judgment, and on November 27, 2006, appellants filed their brief in opposition. On December 7, 2006, the trial court granted the City's motion for summary judgment on the basis that the City was immune from liability under R.C. 2744. Subsequently, appellants dismissed their claims without prejudice against Mid Continent Construction and settled and dismissed their claims against National City. *Page 4 
 {¶ 4} The facts that give rise to this case occurred over a two month period in 2004. Appellant Spitzer was the sole shareholder, owner, and operator of the 82nd Street Market, a business located in the 5900 block of Royalton Road in North Royalton, Ohio. The 82nd Street Market was a bakery, deli, and cafe; appellant Spitzer was also expanding it into a bistro restaurant. At this time, in the 6000 block of Royalton Road, construction was underway on a new National City Bank Building.
 {¶ 5} In May and June 2004, several heavy rains caused numerous occurrences of flooding at appellant's business. Because of damages caused by the flooding, the Health Department closed appellant's business. Appellants determined that reopening the business while flood damage continued to occur was so costly that they would instead close the business permanently. Sometime in June 2004, appellants closed the 82nd Street Market and ceased its operation.
 {¶ 6} Appellants believed that the manner in which construction on the new National City Bank building was being completed caused excessive runoff of silt and dirt, which blocked the city's sewers. Appellants allege that this runoff caused the storm sewers to overflow and flood the 82nd Street Market. Furthermore, appellants allege that the City was informed on several occasions that the blocked city sewers were causing flooding and damage to their property.
 {¶ 7} The City advised appellants to address their concerns to Mid Continent Construction. The City took no action to maintain or correct the sewers servicing appellants' property at that time. *Page 5 
 {¶ 8} Appellants retained an expert to evaluate the storm sewers servicing their property. Appellants' expert, Richard P. Allar, P.E., stated in his report that the existing sewer systems servicing the properties on Royalton Road were "grossly inadequate" to handle the water runoff from a major rainstorm in June 2004. Allar further stated that National City "did not have the proper storm water devices installed," and without these devices, dirt, silt and excess storm water entered and blocked the storm sewer system. Allar did not state that flooding of appellants' property was caused by the negligence of the City.
 {¶ 9} After the storm in June 2004, and after appellants closed their business, appellee widened Royalton Road and replaced the existing 12-inch, 15-inch, and 18-inch storm sewers with 24-inch and 30-inch storm sewers. Allar's report indicated that the new storm sewers were capable of "carrying 4.5 to 6 times the amount of storm water" than the pre-existing storm sewer could handle. Appellants state that flooding ceased after the City replaced the preexisting storm sewer.
 Review and Analysis {¶ 10} Appellants cite two assignments of error for review. For ease and clarity of discussion, we will discuss appellants' assignments of error in reverse order.
 {¶ 11} "I. The court erred in granting the defendant City of North Royalton's motion for summary judgment, finding there was no genuine issue of material fact and that the defendant was entitled to judgment as a matter of law. *Page 6 
 {¶ 12} "II. The court erred in granting the defendant City of North Royalton's motion for summary judgment apparently finding that the defendant City of North Royalton was immune from suit pursuant to Section 2744 of the Ohio Revised Code."
 Governmental Immunity {¶ 13} In their second assignment of error, appellants argue that the City is not immune from suit in this case where it negligently maintained the sewer, which backed up and caused flooding of appellants' property. The City argues that it is immune from suit as a governmental agency acting within its governmental function, and therefore summary judgment was proper as a matter of law.
 {¶ 14} "Civ. R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
 {¶ 15} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed. 2d 265; Mitseff v. *Page 7 Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 604 N.E.2d 138.
 {¶ 16} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of therecord which demonstrate the absence of a genuine issue of fact ormaterial element of the nonmoving party's claim." Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 17} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v.McFaul *Page 8 
(1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v. LeadworksCorp. (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140.
 {¶ 18} R.C. 2744, the Political Subdivision Tort Liability Act, grants governmental immunity to political subdivisions such as the City. R.C.2744.02(A)(1) provides that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." "Governmental functions" include among other things, "the provision or nonprovision, planing or design, construction, or reconstruction of a public improvement, including, but not limited to, a sewer system", as well as "the approval of plans for the construction of buildings or structures," and the "provision or nonprovision of inspection services of all types." R.C. 2744(C)(2)(l) and (p). "Functions which can be categorized as either governmental or proprietary are listed in the definitional section of the statute, R.C. 2744.01, and are clearly intended for use as a guide in determining whether, in a particular case, the activity attributed to a subdivision falls within the ambit of the statute." Franks v. SanduskyBd. of Trustees (Mar. 31, 1992), Sandusky County App. No. S-91-18.
 {¶ 19} "Five exceptions to the general rule of immunity are found in R.C. 2744.02(B) which, again, expressly applies the immunity exceptions to conduct in connection with either governmental or proprietary functions. Only R.C. *Page 9 2744.02(B)(2) limits that specific exception to subdivision liability resulting from negligent performance of proprietary functions by an employee of the subdivision. R.C. 2744.03 lists several defenses or immunities to the exceptions in R.C. 2744.02(B). These defenses or immunities are made applicable to both the governmental and proprietary functions of a political subdivision." Id.
 {¶ 20} Ohio courts have found that municipalities are immune from suit when flooding to private property was a result of an improperly designed sewer that was inadequate to handle increased storm runoff. Ferguson v.Breeding (Aug. 25, 2000), 4th Dist. No. 99 CA 22. TheFerguson court held that "design and construction of a storm water runoff system constitutes a `governmental function' for which a political subdivision is statutorily immune from liability." Id., citingSmith v. Cincinnati Storm Water Mgt Div. (1996), 111 Ohio App.3d 502,676 N.E.2d 609; Alden v. Summit Cty. (1996), 112 Ohio App.3d 460, 464,679 N.E.2d 36; Sparks v. Erie Cty. Bd. of Cty. Commissioners, (Jan. 16, 1998), Erie App. No. E-97-007 (stating that under R.C. 2744.02(A)(1), a political subdivision is immune from liability for design decisions including "the original capacity of the system to handle sewage along with increased storm runoff); Zimmerman v. Summit Cty. (Jan. 15, 1997), Summit App. No. CA. 17610 (holding that the political subdivision was immune from liability when the plaintiff's injuries resulted from the political subdivision's original design and construction of the sewer system, which would require extensive redesigning and reconstructing of the system). *Page 10 
 {¶ 21} To establish the City's negligence, appellants rely on the City's June 2004 decision to rebuild and enlarge the sewer to handle an increased flow capacity after they experienced severe flooding. Specifically, as proof of the City's negligence, they point to their expert's report in which Allar opined that "the existing storm sewer serving the subject property was grossly inadequate." We do not agree. Expressly missing from Allar's report is a finding that the City was negligent. Appellant's affidavit averring that the City installed larger sewers and the flooding ceased does not demonstrate causation.
 {¶ 22} Appellants have not presented evidence that improper maintenance of the sewers caused their damages. Absent evidence of causation to link the City's actions to the damage to appellants' property, we find the City is immune from liability under Section 2744 of the Ohio Revised Code. Therefore, appellants' second assignment of error is overruled.
 {¶ 23} Because we hold that the City is immune from suit, appellants' first assignment of error — whether the trial court erred in granting summary judgment in favor of the City — is moot.
Judgment affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. *Page 11 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE
 KENNETH A. ROCCO, J., and MARY EILEEN KILBANE, J., CONCUR *Page 1